IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Case 23-CR-410 JRR |
| BENNY TAYLOR | * | |
| Defendant | * | |
| | *** | |

## OPINION AND ORDER

The court has before it Defendant Benny Taylor's Motion for Early Termination of Supervised Probation. (ECF No. 9; the "Motion.") The court has considered the parties' submissions. No hearing is necessary.

This action originated in the Eastern District of Arkansas (Case No. 18-CR-534-DPM) where, in 2016, Defendant Taylor was charged with coercion and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), which carried a 10-year mandatory minimum period of incarceration. Almost six years later, following a Superseding Information, Mr. Taylor pled guilty to one count of attempting to transfer obscene material to a minor in violation of 18 U.S.C. § 1470, which carried no mandatory minimum sentence. According to the Superseding Information, Mr. Taylor (born July 15, 1939) was 78 years old when he engaged in the criminal conduct to which he pled guilty.

Mr. Taylor was sentenced on April 20, 2023. The United States Sentencing Guidelines advised a range of incarceration of 21 to 27 months be imposed. The trial judge granted (in part) a defense motion for variant sentence (which sought one year of probation) to impose a sentence of three years of probation with the usual standard and mandatory conditions, as well as various special conditions, including that Mr. Taylor be on home detention for the first year of probation.

The court imposed no period of incarceration. The case was transferred to this district due to Mr. Taylor's residence in Maryland.

Mr. Taylor, through counsel, filed the instant Motion upon his service of 19 months of his 36-month period of probation. The court has considered all factors set forth at 18 U.S.C. 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as set forth in 18 U.S.C. §3583(e).

Mr. Taylor's offense was very serious – indeed, loathsome to the principles of a civilized and safe community; his actions sought to victimize and damage one or more innocent minors in a manner deeply disturbing to the court. This court does not purport to know the mind of the sentencing judge and well appreciates that the trial judge exercised his judicial discretion and evaluation of the applicable sentencing factors, Mr. Taylor's demeanor, and legal argument of counsel and evidence submitted, including that Mr. Taylor suffered a traumatic brain injury in the months immediately preceding the conduct to which he pled guilty. The court understands from the exhibits attached to the Motion that such an injury is often accompanied by diminished impulse control and, in Mr. Taylor's case specifically, is, at least in part, attributed by Mr. Taylor and his treating professionals, as a significant root cause of his failure to conduct himself appropriately and legally (relevant to the charge).

Mr. Taylor has maintained exemplary compliance with his conditions of probation and has satisfied them all (save the term of probation). The court also appreciates the opinions expressed in the submissions of Mr. Farinholt, Ms. Bright, and Dr. Ryburn (at ECF Nos. 9-1, 9-2, and 9-3, respectively). The court further understands that the imposed probation has impaired Mr. Taylor's wishes to travel with his wife in their older years. All that being said, the court is unable to reach a comfort level with the requested relief necessary to grant the Motion. Ordinarily, Mr. Taylor's

age would play a rather material role in the court's evaluation of whether continuation of his probation were necessary (*i.e.,* octogenarians typically pose an underwhelming risk for recidivism or harm to public safety); here, however, Mr. Taylor committed the offense while he was nearly 80 years old. Further, the means by which Mr. Taylor engaged in his criminal conduct – via computer use and internet access – add to the court's discomfort with the requested relief, which is to say the ease of access to resume or engage again in the predatory, damaging behavior to which Mr. Taylor admitted presents a risk to public safety this court simply cannot abide.

Adding to that, while the court has genuine compassion for Mr. Taylor's brain injury (especially following an admirable and notable period of military service in his younger years), and that Mr. Taylor has been discharged from treatment, the cognitive impact on Mr. Taylor remains a variable that the court must consider. In other words, in the court's opinion, the safety net of probation services and the related imposed conditions remain an important component to ensuring that the public remains safe and that Mr. Taylor continues to lead a lawful, productive life. In addition, in view of the relatively short probation period remaining, the court is not persuaded that completion of his probation poses an unduly burdensome or inappropriate barrier to Mr. Taylor leading a robust life.

For these reasons, the court is not persuaded that early termination of Defendant Taylor's supervised probation is warranted by his conduct or the interests of justice.

The Motion is, therefore, **DENIED**. Madam Clerk shall close this case.

                                                    _____/S/_____
Julie R. Rubin
United States District Judge

January 14, 2025